HIDELL *v.* DWINELL *et al.*, administrators.

Property embraced in a mortgage was sold under a general judgment
   against the mortgagor, the mortgage having already been foreclosed
   and execution issued upon it.   At the sale notice was given in
   behalf of the mortgagee that the property would be sold subject
   to the mortgage.   On the following day, the mortgagee made affi-
   davit to require the purchaser to give bond for the forthcoming of
   the property to answer the mortgage execution.   Afterwards on
   the same day, the mortgagee and the general judgment creditor
   agreed that the property sold might be retained by the debtor
   (husband of the mortgagee) until a certain time, after which he
   should deliver it to the general judgment creditor; and in considera-
   tion of this, the mortgagee should waive the giving of the bond for
   the forthcoming of the property, and would claim the proceeds of
   the sale only, and allow them to be disposed of on a rule against
   the sheriff; and in the meantime, if the parties could sell their re-
   spective interests in the property, they would deliver the same to
   the purchaser unincumbered.   On a rule for distribution of the
   fund in the sheriff's hands, the general judgment creditor con-
   tended that, under the facts, only the equity of redemption in the
   mortgaged property passed at the sheriff's sale; while the mort-
   gagee claimed that the agreement between her and the judgment
   creditor gave her the right to claim the fund to the same extent
   as if the property had been sold free from the lien of the mortgage.
   *Held*, that the agreement waived no right of the mortgagee to
   follow the property as subject to her mortgage, and gave her no
   better right to the proceeds of the sheriff's sale than she had be-
   fore the agreement was made; and an award of the fund to the
   judgment creditor was correct.
   May 7, 1890.

Money rule. Mortgages. Liens. Judgments. Before Judge Maddox. Floyd superior court. September term, 1889.

Reported in the decision.

C. N. Featherston, for plaintiff in error.

J. J. Branham and C. Rowell, *contra*.

Blandford, Justice.

This was a contest for money in the hands of the sheriff under a rule to distribute the same. Hidell claimed the same under an execution issued upon a judgment of foreclosure of a mortgage. The defendants in error claimed the same under a general judgment. It was insisted by counsel for the defendants in error that the property embraced in the mortgage, and which was sold as the property of Mr. Hidell under a general judgment in favor of Dwinell, was sold subject to the mortgage; that as the mortgage had been foreclosed, and execution had been issued on the judgment of foreclosure, it was optional with the plaintiff in the mortgage to have claimed the money arising from the sale if the property had been sold free from the incumbrance of the mortgage; but counsel insists that the plaintiff in the mortgage (the plaintiff in error) appeared at the sale and gave notice that the property would be sold subject to her mortgage, and that it was so sold; that on the day following the sale, plaintiff made an affidavit in accordance with the code to require the purchaser to give bond and security for the forthcoming of the property to answer the demands of her mortgage, and that therefore the execution issued upon this foreclosure, at the instance of the plaintiff in error and in her favor, could not participate in this fund; that as to her, the equity of redemption which her husband had in the mortgaged premises was only sold. The court below so held, and instructed the jury

to this effect: that if the contention of the defendants in error was proved by the facts, then they should find against the mortgage. To this ruling of the court Mrs. Hidell, the plaintiff in error, excepted, and says it was error. It is now contended before us that it was shown that after the affidavit of Mrs. Hidell had been made, the day after the sale, there was a contract entered into between Mrs. Hidell and Dwinell, the plaintiff in the common law judgment and the purchaser at the sale, to the following effect: that the Courier newspaper bought by Dwinell on the 6th instant at the sheriff's sale might be retained by Hidell and used in the publication of the Courier until the first Tuesday in October following, without charge ; that at the expiration of the time stated, Hidell would deliver the property to Dwinell without charge for storage ; and in consideration of the above, Hidell, as agent for his wife, would waive the necessity of a bond for the forthcoming of the property bought by Dwinell, and would claim the proceeds of the sale only upon the mortgage in favor of Mrs. Hidell, and allow the same to be disposed of by judgment of the court on a rule against the sheriff. And it is contended that this agreement gave to Mrs. Hidell the right to claim the money in the sheriff's hands upon a mortgage *fi. fa.* to the same extent as if the property had been sold free from the encumbrance of her mortgage. We do not think this agreement operates in the way contended for by counsel for the plaintiff in error. It gives to Mrs. Hidell no better right to the proceeds of the sale of the mortgaged property than she had before the agreement was entered into. This agreement does not in any way waive any right which she had to follow this property as subject to the lien of her mortgage. It is true that she had the right to claim the proceeds of the sale of the property, if she desired to do so, before the court ; and it

was for the court to say, when she made such claim, whether her claim would be allowed or not, under the facts of the case. Indeed, looking at the whole agreement, the latter part of it (where the parties agree that, during the interval between the time the agreement was entered into and the first Tuesday in October, if the parties could sell their respective interests in the Courier and material to any other person or persons, they would deliver the same to the purchaser unincumbered, so that a perfect title could be transferred and delivery made as soon as the sale could be effected) shows clearly that at least Hidell considered that the property was still encumbered by his wife's mortgage. So we think the ruling of the court on this point was right; and under the evidence in the case, there remained nothing for the jury to do but to find against the claim of the plaintiff in error.    And the judgment of the court below is                              *Affirmed.*